**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KOLTON KROTTINGER** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-00029-O** |
| | § | |
| **ROGER DEEDS, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court are Roger Deeds, James Luckie, and Hood County, Texas's Opposed Motion to Stay all Deadlines Pending the Appeal and the Brief in Support (ECF Nos. 45, 46); and Plaintiff's Response Opposing the Motion to Stay all Deadlines Pending the Appeal and Plaintiff's Brief in Support (ECF Nos. 48, 49). The Court **GRANTS** Defendants' Motion to Stay all Deadlines Pending the Appeal.

Plaintiff does not oppose a stay pending Deeds and Luckie's interlocutory appeal.[1] Plaintiff's claims against Ryan Sinclair remain stayed pending a resolution of his qualified immunity motion.[2] The only remaining question therefore is whether Plaintiff's claims against Defendant Hood County, Texas should immediately proceed.

Qualified immunity is limited to individual state actors sued in their individual capacity. *Roque v. Harvel*, 993 F.3d 325, 331 (5th Cir. 2021). A municipality is generally not entitled to a stay of the case against it pending resolution of qualified immunity defenses filed by its employees. *Est. of Sorrells v. City of Dallas*, 192 F.R.D. 203, 210 (N.D. Tex. 2000).

[1] Pl.'s Br. Opp. 1, ECF No. 49.
[2] Defs.' Mot. Stay 1, ECF No. 45.

The qualified immunity for an individual defendant must be resolved before that defendant can be required to participate in the litigation. Qualified immunity is immunity from suit rather than a mere defense to liability. *Pearson v. Callahan*, 555 U.S. 223, 227 (2009). This means a defendant is spared not only unwarranted liability, but also the unwarranted demands imposed on an individual defendant during a lawsuit. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). When a plaintiff desires to conduct discovery against a non-appealing defendant on the same facts as those asserted against an appealing defendant, a stay is generally appropriate. *See Gaala v. Citizens Medical Center*, 2011 WL 23233, at *2 (S.D. Tex. Jan. 4, 2011) (where "same underlying facts are at issue, and the same causes of action under 42 U.S.C. § 1983 are asserted" against the non-appealing defendants, court stayed entire case pending resolution of qualified immunity issues on interlocutory appeal); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) (qualified immunity asserting defendants are not free from the burdens of discovery when it would be necessary for them to participate in the process to ensure the case does not otherwise develop in a misleading fashion pending resolution of their immunity assertion).

In this case, Defendants appear to correctly argue that the *Monell* claim is intertwined with the claims against Deeds and Luckie.[3] At a minimum, Plaintiff has not sufficiently explained otherwise and how discovery might proceed without impacting Deeds and Luckie. *See Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) (any discovery before qualified immunity is finally resolved must be carefully tailored). In the Complaint, Plaintiff asserts they are suing Hood County for "decisions of Sheriff Deeds, who serves as the final policymaker for law enforcement in Hood

[3] Defs.' Br. Supp. 3, ECF No. 46.

County."[4] Furthermore, Plaintiff list Deeds as the main actor in all four factual paragraphs used to support his *Monell* claim.[5]

Because discovery on Plaintiff's *Monell* claim is intertwined with the claims made against Deeds and Luckie, the Court **GRANTS** Defendants Motion to Stay all Deadlines Pending the Appeal. ECF No. 45.

**SO ORDERED** on this **August 12, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

[4] Pl.'s Compl. ¶ 8, ECF No. 1.
[5] Pl.'s Compl. ¶ 118–120, ECF No. 1.